FILED - GR
November 22, 2010 3:42 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY __mrs__ /____ SCANNED BY __JY__ / 11/24

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Michael Christian,                )
                                  )
            Plaintiff,            )
                                  )         **1:10-cv-1157**
      v.                          )
                                  )         Janet T. Neff
                                  )         U.S. District Judge
Penn Credit Corporation,          )
a Pennsylvania corporation,       )
                                  )
            Defendant.            )
_____)

## Complaint

**I.    Introduction**

1.    This is an action for damages brought against a debt collector for violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.,* the Michigan Occupational Code ("MOC"), M.C.L. § 339.901 *et seq.,* and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

**II.   Jurisdiction**

2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331.  This Court has supplemental jurisdiction regarding plaintiff's state law claims under 28 U.S.C. § 1367.  Venue in this judicial district is proper because the pertinent events took place here.

**III.  Parties**

3.    Plaintiff Michael Christian is a natural person residing in Kent County, Michigan. Mr. Christian is a "consumer" and "person" as the terms are defined and/or used in the FDCPA.

1

Mr. Christian is a "consumer," "debtor" and "person" as the terms are defined and/or used in the MOC. Mr. Christian is a "person" as the term is defined and/or used in the TCPA.

4. Defendant Penn Credit Corporation ("Penn") is a Pennsylvania corporation, doing business in Michigan. The registered agent for Penn in Michigan is CSC-Lawyers Incorporating Service (Company), 601 Abbott Road, East Lansing, Michigan 48823. Penn uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Penn regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Penn is a "debt collector" as the term is defined and/or used in the FDCPA. Penn is licensed (No. 2401001597) by the State of Michigan to collect consumer debts in Michigan. Penn is a "collection agency" and "licensee" as the terms are defined and/or used in the MOC. Penn is a "person" as the term is defined and/or used in the TCPA.

## IV. Facts

5. Mr. Christian obtained goods and/or services for personal, family or household purposes, on credit, from QVC (No. 0077738726). Any resulting obligation to pay money was a "debt" as the term is defined and/or used in the FDCPA and MOC.

6. Apparently, QVC later claimed that Mr. Christian failed to repay a small debt of approximately $379.44.

7. Mr. Christian disputes the alleged debt.

8. Mr. Christian refuses to pay the alleged debt.

9. Apparently, QVC hired Penn to collect the disputed debt from Mr. Christian.

10. In or about November 2010 Penn placed one or more telephone calls to Mr. Christian's cellular telephone in efforts to collect the allged debt.

11. Penn used an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1) to make the described calls to Mr. Christian's cellular telephone.

12. Penn did not have an "established business relationship" with Mr. Christian within the meaning of 47 U.S.C. § 227(a)(4) when Penn made the described call to Mr. Christian.

13. No telephone call made by Penn to Mr. Christian was made for "emergency purposes" as the phrase is used in the TCPA, 47 U.S.C. § 227(b)(1)(A).

14. Penn did not obtain Mr. Christian's "prior express consent" as the phrase is used in the TCPA, 47 U.S.C. § 227(b)(1)(A) to make a telephone call to Mr. Christian.

15. Mr. Christian did not provide his cellular telephone number to QVC.

16. Mr. Christian did not provide his cellular telephone number to QVC in connection with the transaction that resulted in the alleged debt which Penn was attempting to collect from Mr. Christian.

17. In or about November 2010, Mr. Christian spoke by telephone with a male Penn employee. The Penn employee stated that Penn was attempting on behalf of QVC to collect a debt from Mr. Christian. In the ensuing conversation, the Penn employee made the following representations:

    a) The debt had not yet been reported to the credit bureaus.

    b) Penn was giving Mr. Christian the opportunity to pay the debt before the debt was reported to the credit bureaus.

    c) Once the debt is reported to the credit bureaus, derogatory information regarding the debt would remain on Mr. Christian's credit history for a period of seven years from the date the debt is first reported to the credit bureaus.

    d)    Once the debt is reported to the credit bureaus, Mr. Christian would be unable to obtain a mortgage or otherwise borrow money.

Mr. Christian stated that he did not agree with the amount of the alleged debt and that he wished to dispute the debt. Hearing that, the Penn employee made the following statements:

    e)    Mr. Christian could not dispute the debt unless he provided the Penn employee with a reason for the dispute.

    f)    Mr. Christian could not dispute the debt by telephone.

    g)    To dispute the debt, Mr. Christian was required to dispute the debt in writing.

    h)    Mr. Christian could not dispute the debt unless he had a valid reason to dispute the debt.

    i)    The Penn employee was refusing to allow the dispute because Mr. Christian's statement that he disagreed with the amount of the alleged debt was not a legitimate reason to dispute the debt.

    18.    The Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, states that no consumer reporting agency may make any consumer report containing information regarding "accounts placed for collection or charged to profit and loss which antedate the report by more than seven years." 15 U.S.C. § 1681c(a)(4). The running of the seven-year period begins "upon the expiration of the 180-day period beginning on the date of the commencement of the delinquency which immediately preceded the collection activity, charge to profit and loss, or similar action." 15 U.S.C. § 1681c(c)(1).

    19.    The Penn employee made false representations to Mr. Christian regarding the length of time for which derogatory information regarding the debt could remain on Mr.

Christian's consumer report.

20. It is a violation of the FDCPA for a debt collector to make false statements to a consumer regarding the length of time for which derogatory information regarding a debt may remain on the consumer's consumer report. *Shields v. Merchants & Medical Credit, Inc.*, 2010 WL 2613086 (USDC, ED Mich, June 28, 2010).

21. Penn violated the FDCPA when its employee made false statements to Mr. Christian regarding the length of time for which derogatory information regarding the debt could remain on Mr. Christian's consumer report.

22. The FDCPA does not require the consumer to provide *any reason at all* in order to dispute a debt. *Sambor v. Omnia Credit Servs.*, 183 F. Supp. 2d 1234 (D. Haw. 2002); (*Mendez v. M.R.S. Assoc.*, 2004 WL 1745779 *2 (N.D. Ill. Aug. 3, 2004) (a consumer is entitled to dispute the validity of a debt for a good reason, a bad reason, or no reason at all); *Whitten v. ARS National Servs. Inc.*, 2002 WL 1050320 *4 (N.D. Ill. May 23, 2002) (imposing a requirement that a consumer have a 'valid' reason to dispute the debt is inconsistent with FDCPA); *Castro v. ARS National Servs., Inc.*, 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000); *Frey v. Satter, Beyer & Spires*, 1999 WL 301650 (N.D. Ill. May 3, 1999); *DeSantis v. Computer Credit, Inc.*, 269 f.3d 159 (2nd Cir. 2001); *Mejia v. Marauder Corporation*, 2007 WL 806486 (N.D. Cal. 2007) (unlawful to suggest that proof of payment required for dispute). The FDCPA allows the consumer to orally dispute a debt. *Brady v. The Credit Recovery Company, Inc.*, 160 F.3d 64 (1st Cir. 1998). The FDCPA does not limit the time during which a consumer may dispute a debt.

23. Penn and its employee made false representations regarding Mr. Christian's

5

rights to dispute the account and related debt.

24. Penn and its employee falsely represented to Mr. Christian that Mr. Christian could not dispute the debt unless he provided the Penn employee with a reason for the dispute.

25. Penn and its employee falsely represented to Mr. Christian that Mr. Christian could not dispute the debt by telephone.

26. Penn and its employee falsely represented to Mr. Christian that to dispute the debt, Mr. Christian was required to dispute the debt in writing.

27. Penn and its employee falsely represented to Mr. Christian that Mr. Christian could not dispute the debt unless he had a valid reason to dispute the debt.

28. Penn and its employee wrongfully represented to Mr. Christian that the Penn employee was refusing to allow the dispute because Mr. Christian's statement that he disagreed with the amount of the alleged debt was not a legitimate reason to dispute the debt.

29. Penn failed to send Mr. Christian a timely and written notice of his rights as required by the FDCPA, 15 U.S.C. § 1692g.

30. The Penn employee intended to speak the words he spoke to Mr. Christian.

31. The acts and omissions of Penn and its employees done in connection with efforts to collect a debt from Mr. Christian were done intentionally and wilfully.

32. Penn and its employees intentionally and wilfully violated the FDCPA, MOC and TCPA.

33. As an actual and proximate result of the acts and omissions of defendant and its employees, plaintiff has suffered actual damages and injury, including but not limited to, fear, embarrassment, stress, mental anguish, emotional stress, and suffering for which he should be

compensated in an amount to be established by jury and at trial.

V. **Claims for Relief**

### Count 1 – Fair Debt Collection Practices Act

34. Plaintiff incorporates the foregoing paragraphs by reference.

35. Defendant has violated the FDCPA. Defendant's violations of the FDCPA include, but are not necessarily limited to, the following:

   a) Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt;

   b) Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt;

   c) Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt from plaintiff; and

   d) Defendant violated 15 U.S.C. § 1692g.

**Wherefore,** plaintiff seeks judgment against defendant for:

   a) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

   b) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

   c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

   d) Such further relief as the court deems just and proper.

### Count 2 – Michigan Occupational Code

36. Plaintiff incorporates the foregoing paragraphs by reference.

37. Defendant has violated the MOC. Defendant's violations of the MOC include, but are not necessarily limited to, the following:

    a) Defendant violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

    b) Defendant violated M.C.L. § 339.915(f) by misrepresenting in a communication with a debtor the following: (i) the legal status of a legal action being taken or threatened and (ii) the legal rights of a creditor or debtor;

    c) Defendant violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee; and

    d) Defendant violated M.C.L. § 339.918.

**Wherefore,** plaintiff seeks judgment against defendant for:

    a) Actual damages pursuant to M.C.L. § 339.916(2);

    b) Treble the actual damages pursuant to M.C.L. § 339.916(2);

    c) Statutory damages pursuant to M.C.L. § 339.916(2); and

    d) Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2).

### Count 3 – Telephone Consumer Protection Act

38. Plaintiff incorporates the foregoing paragraphs by reference.

39. Defendant has violated the TCPA. Defendant's violations of the TCPA include, but are not necessarily limited to, the following:

    a) Defendant violated 47 U.S.C. § 227(b)(1)(A).

**Wherefore,** plaintiff seeks judgment against defendant for:

    a) Actual damages or $500.00 for each violation, whichever is greater, pursuant to

        47 U.S.C. § 227(b)(3)(B); and

b)    Treble actual damages or $1,500.00 for each violation, whichever is greater, pursuant to 47 U.S.C. § 227(b)(3)(C).

## Demand for Trial by Jury

Plaintiff demands trial by jury.

Dated: November 22, 2010

                                                  */s/ Phillip C. Rogers*

                                                Phillip C. Rogers (P34356)
                                                Attorney for Plaintiff
                                                40 Pearl Street, N.W., Suite 336
                                                Grand Rapids, Michigan 49503-3026
                                                (616) 776-1176
                                                ConsumerLawyer@aol.com